Filed 2/9/16  Zhang v. Topline Properties CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| YAJUN ZHANG,<br><br>     Plaintiff and Appellant,<br><br>v.<br><br>TOPLINE PROPERTIES, LLC et al.,<br><br>     Defendants and Respondents. | H041092<br>(Santa Clara County<br> Super. Ct. No. CV178697) |

Plaintiff Yajun Zhang appeals from the superior court's denial of his Code of Civil Procedure section 473, subdivision (b)[1] motion.  His motion sought to vacate the judgments that were entered after demurrers were sustained without leave to amend to his fourth amended complaint.  Although he concedes that he was not entitled to discretionary relief, he contends that the trial court erred in denying him mandatory relief because he submitted a sworn affidavit from his attorney.  We conclude that Zhang was not eligible for mandatory relief and affirm the order.

---

[1]     Subsequent statutory references are to the Code of Civil Procedure.

## I.  Background

Zhang's fourth amended complaint for negligence, intentional tort, and premises liability was filed in September 2013.  In October 2013, defendant Topline Properties LLC (Topline) filed a demurrer to the fourth amended complaint.  In November 2013, defendants Yu-hai Yang and Asia Express, Inc. (Asia Express) and defendant Milpitas Square, LLC (Milpitas Square) also filed demurrers to the fourth amended complaint.  The demurrers were set for hearings on December 5 and December 10.  On November 26, Zhang's attorney, Peter Chao, filed an eight-page memorandum of points and authorities in opposition to the demurrers.  Topline and Milpitas Square filed replies to the opposition.

The court heard the demurrers of Topline and Milpitas Square on December 5, 2013 and the demurrers of Yang and Asia Express on December 10.  All three matters were submitted at the hearings.  On December 24, the court issued an order sustaining the demurrers of Topline and Milpitas Square without leave to amend.  On December 27, the court issued an order sustaining the demurrers of Yang and Asia Express without leave to amend.  On December 30, 2013, the court entered judgment in favor of Topline and Milpitas Square.  On January 8, 2014, the court entered judgment in favor of Yang and Asia Express.

In between the hearings on the demurrers and the orders sustaining the demurrers without leave to amend, Zhang filed on December 13, 2013 a request for dismissal of his action without prejudice.  Zhang also filed a December 24 motion for a new trial, but the court denied his new trial motion on February 7, 2014.  Notice of entry of the December 30, 2013 judgment was mailed to Zhang's attorney on January 7, 2014.  Notice of entry of the January 8, 2014 judgment was mailed to Zhang's attorney on January 13, 2014.  Notice of entry of the order denying Zhang's new trial motion was mailed to Zhang's attorney on February 13, 2014.  Zhang's time to appeal from the judgments expired in the middle of March 2014.  (Cal. Rules of Court, rules 8.104(a) [60

2

days from notice of entry of judgment], 8.108(b) [30 days from notice of entry of order denying new trial].)

On March 24, 2014, Zhang filed a motion under section 473, subdivision (b) seeking to vacate the judgments of dismissal. In his points and authorities in support of his motion, Zhang argued that he was entitled to either discretionary or mandatory relief under section 473 "because of excusable neglect" due to the fact that his attorney had been ill and unable "to focus and think clearly" from "prior to filing the opposition to demurrers and continu[ing] until after the demurrers were heard." He asserted that his attorney "decided to forgo oral argument [on the demurrers] partially based upon a fear that his flu would spread to defense counsel or court personnel." Zhang's motion was accompanied by a brief declaration by his attorney, Peter Chao. Chao declared that he was sick with the flu for more than a month and had written the opposition to the demurrers while sick. During his illness, he had "an inability to focus and think clearly." He did not attend the hearing on the demurrers because he "was still coughing and did not want others to catch the flu."

In opposition, defendants argued that Chao's neglect was not excusable and that mandatory relief was not available because the judgments after the sustaining of the demurrers without leave to amend were not equivalent to default judgments or "dismissals" as the term is used in section 473, subdivision (b). They noted that Chao did not seek a continuance or appear telephonically at the hearings on the demurrers. In addition, they pointed out that Zhang had not been diligent in seeking relief.

On April 24, 2014, the court denied the motion. It found that "Plaintiff's Counsel has not made the requisite showing for relief" under section 473, subdivision (b). Zhang's notice of appeal was filed on May 16, 2014.

3

## II. Discussion

Zhang's appeal is solely from the denial of his section 473 motion, and his only claim concerning the denial of that motion that he makes in his appellate briefs is that the trial court erred in denying him *mandatory* relief under section 473, subdivision (b).[2]

Section 473, subdivision (b) provides: "The court *may*, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect. Application for this relief shall be accompanied by a copy of the answer or other pleading proposed to be filed therein, otherwise the application shall not be granted, and shall be made within a reasonable time, in no case exceeding six months, after the judgment, dismissal, order, or proceeding was taken. . . . Notwithstanding any other requirements of this section, the court *shall*, whenever an application for relief is made no more than six months after entry of judgment, is in proper form, and is accompanied by an attorney's sworn affidavit attesting to his or her mistake, inadvertence, surprise, or neglect, vacate any (1) resulting default entered by the clerk against his or her client, and which will result in entry of a default judgment, or (2) resulting default judgment or dismissal entered against his or her client, unless the court finds that the default or dismissal was not in fact caused by the attorney's mistake, inadvertence, surprise, or neglect." (Italics added.)

Mandatory relief is available only from a "default," "default judgment[,] or dismissal" that is the result of an attorney's "mistake, inadvertence, surprise, or neglect." (§ 473, subd. (b).) The dispositive issue is whether Zhang's motion fell within the mandatory relief provisions.

---

[2] Zhang cites *Fasuyi v. Permatex, Inc.* (2008) 167 Cal.App.4th 681, but *Fasuyi* has no relevance here because it was a challenge to the denial of a motion for *discretionary* relief. (*Id.* at p. 694.)

Zhang claims that his motion properly sought relief from a "dismissal" within the meaning of section 473, subdivision (b).  He relies on *Avila v. Chua* (1997) 57 Cal.App.4th 860 (*Avila*).  *Avila* was a challenge to the denial of a motion for mandatory relief.  The plaintiff's attorney had failed to timely serve and file opposition to motions for summary judgment.  (*Avila*, at p. 864.)  She served and filed an untimely response and sought a continuance of the hearing on the motion.  (*Ibid.*)  The trial court denied the request for a continuance, struck the untimely responses, and granted the motion.  (*Ibid.*)  The attorney immediately filed a section 473 motion seeking relief based on her declaration that the fault was hers in failing to correctly note when the opposition was due.  (*Avila*, at p. 865.)  The motion was denied, and the plaintiff appealed.  (*Id.* at p. 865.)  The Second District Court of Appeal concluded that mandatory relief should have been granted because the summary judgment motion was decided without considering any opposition.  In the Second District's view, that was tantamount to a default or dismissal because the case had not been litigated on its merits.  (*Id.* at pp. 867-868.)

The Second District's construction in *Avila* of section 473's mandatory relief provision has been rejected by other courts.  In *Huh v. Wang* (2007) 158 Cal.App.4th 1406 (*Huh*), this court rejected *Avila* and held that mandatory relief was not available where the plaintiff's attorney failed to file opposition to a summary judgment motion and failed to appear at the hearing on the motion.  (*Huh*, at pp. 1412, 1415.)  This court, like other courts, concluded that "dismissal," as it is used in section 473's mandatory relief provision, means "'"the withdrawal of an application for judicial relief by the party seeking such relief, or the removal of the application by a court."'"  (*Huh*, at p. 1416.)  Since the resolution of a motion challenging the merit of the plaintiff's case did not meet this definition, the plaintiff in *Huh* was not eligible for mandatory relief.  (*Huh*, at p. 1418.)

*Huh* involved a summary judgment motion, while this case involves a demurrer, but the same reasoning applies. Unlike a default or a dismissal on nonsubstantive grounds, a demurrer, like a summary judgment motion, challenges the merits of the plaintiff's action. A demurrer asserts that the facts alleged in the complaint do not merit relief. A summary judgment motion asserts that the plaintiff cannot prove facts that will merit relief. In both cases, the resolution of the motion turns on the substantive merits of the case. Thus, it cannot be said that the resolution of the motion deprives the plaintiff of his or her day in court. We hold that an order sustaining a demurrer without leave to amend and the judgment entered on it is not a "dismissal" within the meaning of section 473's mandatory relief provision. Zhang's motion did not qualify for mandatory relief because it did not seek relief from a dismissal.[3]

There is no merit to Zhang's argument that his December 13, 2013 request for voluntary dismissal "qualifies as a dismissal for the application of CCP Sec. 473(b) relief." His section 473 motion did not seek relief from his own voluntary dismissal, and Chao did not claim that requesting the voluntary dismissal was a mistake.

Although Zhang acknowledges that the "issue of the propriety of the voluntary dismissal is not before this court," he argues that the voluntary dismissal "should be presumed valid" and that therefore the judgments "had no legal effect . . . ." Zhang did not appeal from the judgments. His appeal is solely from the denial of his section 473 motion. Accordingly, the validity of Zhang's voluntary dismissal and its possible impact on the judgments is not before us.

---

[3] Zhang claims in his reply brief that the mistake that his attorney made was in failing to file a fifth amended complaint before the hearings on the demurrers to the fourth amended complaint. This would not change the fact that Zhang did not seek relief from a "dismissal."

6

### **III.** Disposition

The order is affirmed.

_____
Mihara, J.

WE CONCUR:

_____
Bamattre-Manoukian, Acting P. J.

_____
Márquez, J.